Andrew N. Stowe *vs.* Betsey Merrill.

Oxford. Opinion December 7, 1885.

*Bond. Mortgage. Foreclosure. R. S., c. 90, § § 1, 5. Promissory notes.*
*Notice. Dower.*

A bond from the grantee to the grantor, executed three years after the delivery of the absolute deed, conditioned to convey to the grantor the same land, does not constitute an instrument of defeasance within the provisions of R. S., c. 90, § 1.

A note payable "in one ——— after date" may be identified as one payable in one "year" after date to correspond with the one described in the mortgage given to secure it.

An agreement limiting the time of redeeming a mortgage on real estate to one year and inserted in the mortgage will bind the mortgagee without his signature to the mortgage.

An agreement limiting the time of redeeming a mortgage on real estate need not be inserted in the notice of foreclosure.

A notice of foreclosure published in three consecutive weekly issues of the newspaper and recorded the next day after the last publication is a compliance with the provisions of R. S., c. 90, § 5.

A judgment for dower is not binding on one who was not a party or privy.

ON REPORT.

Real action to recover possession of certain land in Bethel, known as the Joseph L. Merrill farm.

The report shows the following conveyances, etc., affecting the title to the demanded premises :

1. A deed of warranty from Joseph L. Merrill to Ball B. Willis, July 31, 1862 ; recorded August 1, 1862.

2. A bond from Ball B. Willis to Joseph L. Merrill, August, 1865, to convey the premises on payment prior to October 1, 1866, of seven hundred and twenty-five dollars ; not recorded.

3. A bond from Ball B. Willis to Joseph L. Merrill, July 1, 1868, to convey the premises on payment within two weeks of eleven hundred and seventy dollars ; not recorded.

4. A deed from Ball B. Willis to John Philbrook, November 27, 1868 ; recorded December 2, 1868.

5. A bond from John M. Philbrook to Betsey Merrill, December 2, 1869, to convey the premises on her payment of sixteen hundred and two dollars and sixty-one cents within six months ; not recorded.

6. A deed from John M. Philbrook to Samuel B. Twitchell, April 5, 1871 ; recorded April 6, 1871.

7. A bond from Samuel B. Twitchell and John M. Philbrook to John W. Merrill, December 14, 1872, to convey the premises on payment of certain sums of money within certain periods of time ; not recorded.

8. Deed of Samuel B. Twitchell to John M. Philbrook, December 14, 1872, of one-half ; recorded December 16, 1872.

9. Deed of same to same of one-half, February 23, 1874 ; recorded March 26, 1874.

10. Deed, John M. Philbrook to John W. Merrill, November 25, 1876 ; recorded November 28, 1876.

11. Mortgage, John W. Merrill to Mary F. Smith, July 24, 1879 ; recorded same day.

12.    Assignment of mortgage, Mary F. Smith to the plaintiff, November 11, 1880; recorded November 12, 1880.

13.    Notice of foreclosure recited below.

14.    Writ of dower, *Betsey Merrill* v. *John W. Merrill*, October 16, 1883, and officer's return thereon:

[Notice of foreclosure.]

" Whereas, John W. Merrill of Bethel, in the county of Oxford, and state of Maine, by his mortgage deed, dated the twenty-fourth day of July, A. D. 1879, and recorded in the Oxford Registry of Deeds, book 183, page 456, conveyed to Mary F. Smith of Newry, a certain parcel of real estate situated in said Bethel, on the north side of the Androscoggin river, and being the Joseph L. Merrill farm, so called, and the same farm deeded to John W. Merrill by John M. Philbrook by deed dated November 25, A. D. 1876, and whereas the said Mary F. Smith has assigned the said mortgage and notes thereby secured to me, the undersigned, by her assignment dated the 11th day of November, A. D. 1880, recorded in the Oxford Registry of Deeds, book 191, page 178, and whereas the condition of said mortgage has been broken, now therefore, by reason of the breach of the condition thereof, I claim a foreclosure of said mortgage.

March 2d, 1883.                          Andrew N. Stowe. "

*R. A. Frye*, for the plaintiff, cited : Martindale on Conv. § 470 ; *Johnson* v. *Leonards*, 68 Maine, 237 ; *Mitchell* v. *Burnham*, 44 Maine, 286 ; *Bailey* v. *Myrick*, 50 Maine, 174 ; *Reed* v. *Elwell*, 46 Maine, 270 ; *Chase* v. *McLellan*, 49 Maine, 375 ; *Chase* v. *Savage*, 55 Maine, 543 ; *Blake* v. *Dennett*, 49 Maine, 102 ; *Blaney* v. *Bearce*, 2 Maine, 135 ; *Shaw* v. *Erskine*, 43 Maine, 373 ; *Warren* v. *Lovis*, 53 Maine, 464 ; *McLaughlin* v. *Shepherd*, 32 Maine, 147 ; *Treat* v. *Strickland*, 23 Maine, 234 ; *Usher* v. *Richardson*, 29 Maine, 415 ; Bigelow, Estoppel, 340 ; Schou. Hus. & Wife, § 441 ; *Stearns* v. *Swift*, 8 Pick. 532 ; Greenl. Ev. § 501 ; Freeman, Judgments, § 407.

*S. F. Gibson*, for the defendant, contended that the mortgage assigned to the plaintiff by Mary F. Smith was not sufficient to

pass title for the reason that it describes a note for which the same was given, as being payable in one year. Referring to the note itself, it is entirely different and has no time of payment in it; and there is no proof offered by the plaintiff identifying this note. A mortgage is a conveyance of property for the security of a debt. *Goddard* v. *Coe*, 55 Maine, 385. It has for its basis the contract to be secured, and ceases to have validity by the discharge of that contract. *Patch* v. *King*, 29 Maine, 448.

The mortgage, if valid, was never legally foreclosed. R. S., c. 90, § 5, cl. I, requires that the notice of foreclosure shall describe the premises intelligibly, name the date of the mortgage and state that the condition has been broken, &c. The notice should also state the time of redemption. There was an agreement inserted in the mortgage — the one year clause — under the act of 1876, c. 113, but the mortgage was not signed by both parties. It should be signed by both to bind both. The acceptance of the mortgage by mortgagee was not enough. The letter and spirit of the act requires an agreement, inserted and signed by both parties.

The publication of the notice of foreclosure was not sufficient. It must be published three weeks successively, then recorded. The certificate shows that it was recorded in seventeen days after its date, therefore it could not have been published for three weeks successively.

VIRGIN, J. Writ of entry. Both parties claim title from Joseph L. Merrill; the plaintiff, as assignee of an alleged foreclosed mortgage of the demanded premises, given by J. W. Merrill, (son of Joseph L.) who derived his title through several mesne conveyances from his father; and the defendant, (formerly the wife and now the widow of Joseph L. Merrill,) by virtue of an alleged assignment of dower set out to her on a writ of seizin issued October 16, 1883, on a judgment for dower recovered on default against her son at the preceding September term.

1. Willis' bond to his grantor, Joseph L. Merrill, executed more than three years after the delivery of Merrill's absolute

deed to him, can not be considered an instrument of defeasance, and thereby render the conveyance a mortgage, the bond not having been "executed at the same time with the deed or as a part of the same transaction." R. S., c. 90, § 1. And the fact that the defendant took a similar bond from Philbrook to herself more than a year after Willis conveyed to him, shows that she also so understood it. And were it otherwise, the bond never having been recorded, it would not have operated as a defeasance as against the subsequent grantees, Philbrook or Twitchell. R. S., (1871,) c. 73, § 9.

2. While the mortgage under which the plaintiff claims describes the note secured thereby as one payable in "one year, " and the note produced has a blank space therein after the words "in one, " and before the words "after date, " the identity is established by the recital in the case that the "execution and delivery of the deed of assignment, also the note secured and unpaid, are admitted. " Moreover, if no such admission had been made, the note itself with the attending circumstances, satisfy us, in the absence of any counter testimony, that the word "year" was intended by the parties to fill the blank. *Nichols* v. *Frothingham*, 45 Maine, 220, and cases cited in the opinion of the court.

3. It is contended that the agreement limiting the time of redemption to one year, as authorized by St. 1876, c. 113, (now R. S., c. 90, § 6,) although it was "inserted in the mortgage" as the statute requires, it was not signed by the mortgagee, which the statute does not require. But both parties are not required to sign a deed of this character in order that its stipulations shall be binding on them; being a deed poll, on acceptance by the grantee it became the mutual act of both parties thereto, and therefore binding on them. *Newell* v. *Hill*, 2 Met. 181.

4. Neither does the statute require such agreement to be incorporated in the notice of foreclosure. The notice contains everything required by R. S., c. 90, § 5, viz. : the claim by mortgage of premises so intelligibly described as to inform the party entitled to redeem with reasonable certainty what premises

are intended (*Chase* v. *McLellan*, 49 Maine, 375) ; mention of the date of the mortgage ; and an allegation of a breach of its conditions, together with a claim of foreclosure by reason thereof.

5. The law does not require publication of the notice twenty-one days before record. "It was published in three consecutive weekly issues of the newspaper. The record in the registry of deeds must be 'within thirty days after such last publication.' Therefore it may be within one day after." *Wilson* v. *Page*, 76 Maine, 281.

6. It is contended that the transactions between J. L. Merrill and Willis, constituted a mortgage ; that the conveyance of November 27, 1868, from Willis to Philbrook operated an assignment of that mortgage which was paid and thereby discharged April 5, 1871. The only evidence urged in support of of such contention is the nominal receipt of that date from Philbrook to Merrill. But, as already seen, the deed and bond did not constitute a mortgage ; and the giving of another bond in 1868 shows the parties understood the former was no instrument of defeasance. Moreover, as late as December 14, 1872, J. W. Merrill, son of J. L. Merrill and of this defendant, took a bond of the premises from Philbrook and Twitchell (Willis' successors in title) whereby they obligated themselves to convey to him on payment of six hundred and fifty dollars at the various times therein specified ; which he would not be likely to do, if the parties understood the title was one of mortgage and that discharged.

We are of opinion, therefore, that the plaintiff has proved a regular chain of title from Willis to whom this defendant released her right of dower which she now sets up in defence ; which title became absolute in one year after the first publication of his notice of foreclosure. To be sure the defendant recovered judgment for dower against her son (who once held the title) four years after he had conveyed it to the plaintiff's assignor ; but assuming (without deciding) that the commissioners selected to set out the dower were legally sworn by the deputy sheriff who held the writ of seizin, that judgment cannot bind this

plaintiff who was neither party nor privy thereto; and hence there must be,

*Judgment for the plaintiff.*

PETERS, C. J., WALTON, LIBBEY and HASKELL, JJ., concurred.